**Benito DOMINGUEZ, Petitioner,**

v.

**Dana J. BOENTE, Acting Attorney General, Respondent.**

**No. 15-71579**

United States Court of Appeals, Ninth Circuit.

Submitted January 18, 2017 *

Filed FEBRUARY 3, 2017

William J. Baker, Attorney, Moreno & Associates, Chula Vista, CA, for Petitioner

Jennifer A. Singer, OIL, John D. Williams, Esquire, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Benito Dominguez, a native and citizen of Mexico, petitions for review of the

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011), and we deny the petition for review.

The BIA did not abuse its discretion in denying Dominguez's motion to reopen as untimely, where he filed it over twelve years after the final administrative order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and he failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances).

In light of this disposition, we do not reach Dominguez's remaining contentions regarding the alleged ineffective assistance of prior counsel, his compliance with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), or his eligibility for adjustment of status.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.